UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MELODY HORNBECK,

    Plaintiff,

v.                                            **JURY TRIAL DEMANDED**

UMBERTO'S RESTAURANT AND PIZZERIA,
INC., a Florida for-profit corporation, SALVATORE
CORTEO, an individual, and MARION CORTEO,
an individual,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, MELODY HORNBECK, ("HORNBECK"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendants, UMBERTO'S RESTAURANT AND PIZZERIA, INC., a Florida for-profit corporation, (hereinafter "UMBERTO'S"), SALVATORE CORTEO, an individual, (hereinafter "S. CORTEO"), and MARION CORTEO, an individual, (hereinafter "M. CORTEO"), and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid minimum wage compensation under the Florida the Fair Labor Standards Act, 29 U.S.C. 201 et seq.

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, UMBERTO'S, was an enterprise engaged in interstate commerce. At all times pertinent to this

1

Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. The Defendants, UMBERTO'S. S. CORTEO and M. CORTEO operated a restaurant. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' businesses, and moved in interstate commerce.

4. The Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## **VENUE**

7. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida, and,

   b. Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, HORNBECK, was and continues to be a resident of Pembroke Pines, Broward County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant, UMBERTO'S was conducting business in Pembroke Pines, Broward County, Florida, with its principal place of business in that city.

10. At all times material hereto, Defendants were the employers of Plaintiff, HORNBECK.

11. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

12. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, HORNBECK her lawfully earned wages in conformance with the FLSA.

13. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendant, UMBERTO'S was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff, HORNBECK, was directly essential to the business performed by Defendants.

16. Plaintiff, HORNBECK, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. On or about June 10, 2016, Plaintiff, HORNBECK was hired by the Defendants as a server at the Defendants' restaurant. Her employment terminated on or about July 16, 2016.

18. During the period of time that Plaintiff worked for Defendants, she was paid no hourly wages whatsoever. On her last day of employment, she was given a lump sum of $400.00, however this amount failed to compensate Plaintiff for at least the minimum wage for all hours worked.

19. Defendants knowingly, willfully and maliciously operated their business with a policy of not paying wages in conformance with the FLSA.

20. Defendants, S. CORTEO and M. CORTEO were supervisors and or manager/owners who were involved in the day-to-day operations and/or were directly responsible for the supervision of Plaintiff. Therefore, they are personally liable for the FLSA violations.

21. Defendants, S. CORTEO and M. CORTEO were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, HORNBECK.

22. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

23. Plaintiff realleges Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Plaintiff's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

25. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

26. Plaintiff worked hours for the Defendants for which she was paid below the statutory minimum wage for all of her hours.

27. The Defendants' failure to pay Plaintiff the proper minimum wage was willful.

28. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in her favor for all unpaid minimum wages due, or other amount found to be due;

b. liquidated damages for other amount determined to be due;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED:   July 29, 2016.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: <u>s/. Peter Bober</u>
      PETER BOBER
      FBN:  0122955